IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT PAPENHAUSEN,

    Plaintiff,                    No. CIV S-12-0341 LKK GGH P

   vs.

PHIL SHANNON, et al.,

    Defendants.             <u>ORDER</u>

_____/

       Plaintiff is an inmate at Plumas County Jail. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

1

account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content

/////

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff purports to bring this action on behalf of another individual, Reatha Mercer, as well as himself. See Complaint. Plaintiff names himself and Ms. Mercer as plaintiffs (co-plaintiffs) on the face of the complaint form and names two Plumas County Sheriff's Deputies, Phil Shannon (# 305) and Steve Clark (# 304). Id. Defendant alleges that defendant Shannon "uses illegal tactics, dishonesty and threats of taking children to gain illegal information to conspire to interfere with civil rights, against civil rights to sale [sic] [plaintiff] into involuntary servitude and extorts information from my girlfriend Reatha Mercer with intent to kidnap[] her children." Id., at 4. Plaintiff alleges that defendant Clark is a "co-conspirator" in using illegal tactics with the purpose of "saling [sic] [plaintiff] into involuntary servitude." Id. Plaintiff seeks money, including punitive, damages and "prays for justice to be just instead of ill." Id.

Plaintiff, who is an inmate proceeding pro se, may not file this action on behalf of his girlfriend as a co-plaintiff simply by naming her as a party to this action in the case caption. Plaintiff may not litigate any claims on behalf of Ms. Mercer because he has no standing to do so. Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert [his] own rights not those of third parties), citing Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634 (1978); Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205 (1974). Moreover, plaintiff is not a lawyer and may not represent his girlfriend in this action. McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (lay person lacks authority

to appear as an attorney for others). Plaintiff pro se may proceed in this action only on his own behalf.

Further, plaintiff has failed to frame cognizable claims against the defendants. Plaintiff does not provide an adequate factual predicate to make a colorable showing that his own constitutional rights are being violated by simply broadly alleging that the defendant deputies have subjected another party, one on whose behalf plaintiff lacks standing to proceed, to "illegal tactics, dishonesty and threats of taking children... ." Plaintiff appears to be objecting to the conduct of the defendant deputies with regard to the manner in which they may have sought to elicit information from his girlfriend regarding plaintiff. In addition, the vagueness of plaintiff's claims even if he could somehow show he had standing to make them do not provide a sufficient factual basis to comply with Fed. R. Civ. P. 8, which requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). For example, conspiracy allegations must be supported by material facts and not be merely conclusory statements. Lockary v. Kayfetz, 587 F. Supp. 631, 639 (N. D. Cal. 1984). This complaint will be dismissed but plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

4

1  complaint be complete in itself without reference to any prior pleading.  This is because, as a
2  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
3  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
4  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
5  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

6        In accordance with the above, IT IS HEREBY ORDERED that:

7        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

8        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
9  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
10 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
11 Sheriff of Plumas County filed concurrently herewith.

12       3.  The complaint is dismissed for the reasons discussed above, with leave to file
13 an amended complaint within twenty-eight days from the date of service of this order.  Failure to
14 file an amended complaint will result in a recommendation that the action be dismissed.

15 DATED: March 26, 2012

16       /s/ Gregory G. Hollows
      UNITED STATES MAGISTRATE JUDGE

17

18 GGH:009
papp0341.b

19

5